UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

JOYCE HAYTER, individually as       :
*administrator ad prosequendum*     :Case Number: 2:12-CV-04008-DMC-JAD
for Edward Hayter, Jr.              :
                                    :
            Plaintiff               :
                                    :
vs.                                 :
                                    :        CIVIL ACTION
ERICK DELIA, and JOHN DOES 1-12,    :
                                    :        ANSWER, DEFENSE
            Defendant               :
                                    :

    1. Defendant, Erick Delia neither admits or denies this allegation since it calls for a legal conclusion.

## PARTIES

    2. Based on information and belief at this time admitted.

    3. Defendant Erick Delia denies being a drug dealer.  Defendant is not a cousin with Edward Hayter, Jr.

    4. Defendant Erick Delia lacks knowledge or information as to this allegation.

## JURISDICTION

    5. Defendant Erick Delia lacks knowledge or information as to this allegation as it calls for a legal conclusion.

## BACKGROUND

    6. Defendant, Erick Delia denies this allegation in its entirety.

    7. Defendant, Erick Delia is without knowledge as to what point in time the plaintiff is referring to.  Defendant, Erick Delia was aware of plaintiff's

relapsing on numerous occasions by using various controlled dangerous substances, as well as, alcohol and steroids.

8. Defendant, Erick Delia denies this allegation in its entirety.

9. Defendant, Erick Delia denies this allegation in its entirety.

10. Defendant, Erick Delia denies this allegation in its entirety.

11. [Sic] Defendant, Erick Delia denies this allegation in its entirety.

11. [Sic] Defendant, Erick Delia denies this allegation in its entirety.

12. Defendant, Erick Delia denies this allegation in its entirety.

13. Defendant, Erick Delia denies this allegation in its entirety.

14. Defendant, Erick Delia denies ever selling heroin to anyone referred to in this allegation.

15. Defendant, Erick Delia denies this allegation in its entirety.

16. Defendant, Erick Delia denies this allegation in its entirety.

17. Defendant, Erick Delia denies this allegation in its entirety.

18. Defendant, Erick Delia lacks knowledge or information to respond to this allegation.

19. Defendant, Erick Delia lacks knowledge or information to respond to this allegation.

20. Defendant, Erick Delia lacks knowledge or information to respond to this allegation.

21. Defendant, Erick Delia lacks knowledge or information as to the cause of death of plaintiff's son. Defendant, Erick Delia denies the remaining allegations in their entirety.

22. Defendant, Erick Delia denies this allegation it its entirety.

COUNT I – Violation of the Racketeer Influenced and Corrupt Organization Act, 18 USC 1961, *et seq.*

23. The response to Paragraph 1–22 are set forth herein by reference as if they were fully set forth again.

24. Defendant, Erick Delia is lacking knowledge or information as to this allegation as it calls for a legal conclusion.

25. Defendant, Erick Delia is lacking knowledge or information as to this allegation as it calls for a legal conclusion.

26. Defendant, Erick Delia denies this allegation it its entirety.

27. Defendant, Erick Delia denies this allegation it its entirety.

28. Defendant, Erick Delia denies this allegation it its entirety.

29. Defendant, Erick Delia denies this allegation it its entirety.

30. Defendant, Erick Delia denies this allegation it its entirety.

31. Defendant, Erick Delia denies this allegation it its entirety.

32. Defendant, Erick Delia denies this allegation it its entirety.

33. Defendant, Erick Delia denies this allegation it its entirety.

34. Defendant, Erick Delia denies this allegation it its entirety.

35. Defendant, Erick Delia denies this allegation it its entirety.

36. Defendant, Erick Delia denies this allegation it its entirety.

37. Defendant, Erick Delia denies this allegation as to any actions alleged against Defendant, Erick Delia.

**Wherefore,** Defendant demands judgment dismissing with prejudice the

Complaint in its entirety, with attorneys fees, costs of suit, and such other relief as the Court deems equitable and just.


COUNT II – Wrongful Death, N.J.S.A. 2A:31-1

    38.  The response to Paragraph 1-37 are set forth herein by reference as if they were fully set forth again.

    39.  Defendant, Erick Delia denies this allegation in its entirety.

    40.  Defendant, Erick Delia denies this allegation in its entirety.

    41.  Defendant, Erick Delia admits.

    42.  Defendant, Erick Delia denies this allegation in its entirety.

    43.  Defendant, Erick Delia lacks knowledge or information as to this allegation.

    44.  Defendant, Erick Delia lacks knowledge or information as to this allegation.

    45.  Defendant, Erick Delia lacks knowledge or information as to this allegation.


    **Wherefore,** Defendant demands judgment dismissing with prejudice the Complaint in its entirety, with attorneys fees, costs of suit, and such other relief as the Court deems equitable and just.


COUNT III – New Jersey Survivor's Act, 2A:15-3

    46.  The response to Paragraph 1-45 are set forth herein by reference as

if they were fully set forth again.

47.  Denied by Erick Delia.

48.  Denied by Erick Delia.

49.  Defendant, Erick Delia lacks knowledge or information as to this allegation.

50.  Denied by Erick Delia.

51.  Defendant, Erick Delia lacks knowledge or information as to this allegation

**Wherefore**, Defendant demands judgment dismissing with prejudice the Complaint in its entirety, with attorneys fees, costs of suit, and such other relief as the Court deems equitable and just.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND SEPARATE DEFENSE

This Court lacks subject matter jurisdiction over this subject matter.

### THIRD SEPARATE DEFENSE

This Court should abstain from asserting its jurisdiction.

### FOURTH SEPARATE DEFENSE

This defendant denies it was guilty of any negligence which was the proximate or producing cause of any injuries

## FIFTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by plaintiffs were caused solely by the negligence of persons not under the control of this defendant.

## SIXTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by plaintiffs were caused solely by the negligence of persons presently unknown to this defendant.

## SEVENTH SEPARATE DEFENSE

Any and all injuries and damages that may have been sustained by plaintiffs were caused by the negligence of plaintiffs.

## EIGHTH SEPARATE DEFENSE

This defendant denies any breach of duty to plaintiffs

## NINTH SEPARATE DEFENSE

The intentional, unlawful or criminal conduct of Edward Hayter, Jr. is the direct and proximate cause of his damages, if any.

## TENTH SEPARATE DEFENSE

This claim is barred by the doctrine of res judicata.

## ELEVENTH DEFENSE

This claim is barred by the doctrine of laches.

## TWELFTH SEPARATE DEFENSE

This claim is barred by the doctrine of unclean hands.

### THIRTEENTH SEPARATE DEFENSE

This claim is barred by the Statute of Limitations.

### FOURTEENTH SEPARATE DEFENSE

All of the acts of this defendant was performed in good faith and therefore this defendant is entitled to qualified immunity.

### FIFTEENTH SEPARATE DEFENSE

This defendant asserts the defense of insufficiency of process.

### SIXTEENTH SEPARATE DEFENSE

This defendant asserts the defense of insufficiency of service of process.

### SEVENTEENTH SEPARATE DEFENSE

Punitive damages cannot be awarded against this defendant.

### EIGHTEENTH SEPARATE DEFENSE

The criminal acts of third persons were the proximate cause of the plaintiff's injuries and damages.

### NINETEENTH SEPARATE DEFENSE

This defendant did not act with a deliberate indifference to the rights of plaintiff and therefore the within cause of action should be dismissed.

### TWENTIETH SEPARATE DEFENSE

The within cause of action is barred by the doctrine of collateral estoppel.

### TWENTY-FIRST SEPARATE DEFENSE

Assumption of Risk.

### TWENTY-SECOND SEPARATE DEFENSE

Contributory negligence.

## TWENTY-THIRD SEPARATE DEFENSE

Illegality.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by a jury of six (6).

## DEMAND FOR DAMAGES

Defendant demands a written statement of the amount of damages claimed within five (5) days after service thereof.

## CERTIFICATION

In accordance with Rule 4:5-1, we hereby certify that the matter in controversy is not subject of any other action or arbitration proceeding, and that at this time no other parties should be joined in this action.

_____
Michael P. Koribanics, Esq.

KORIBANICS AND KORIBANICS
685 Van Houten Avenue
Clifton, NJ 07013
973-778-1800
(MPK-2218)
Attorney for Defendant,
ERICK DELIA

## CERTIFICATION OF MAILING

I, Colleen M. Re, Secretary to Michael P. Korinbanics, Esq. Attorney for Defendant Erick Delia, certify as follows:

1. On July 27, 2012, I electronically forwarded the Answer, Defenses to Clerk, United States District Court, Martin Luther King Jr., Federal Bldg. & Courthouse, 50 Walnut Street, Newark, NJ 07101

2. On July 27, 2012, I mailed via United States Post Office the Answer, Defenses to the Joyce Hayter, 1 Mountain Ridge Road, Pompton Plains, New Jersey 07444.

Dated: July 27, 2012

_____
Colleen M. Re, Secretary